Gaston, Judge.'
 

 — We are of opinion that there is error in the instructions given to the jury upon the trial of the issues in this cause. The law for the advancement of trade, justly regarded as materially affecting the interests of the whole community, imposes upon public carriers a responsibility far more rigorous than that which attaches to ordinary bailees for hire. The rule of diligence which measures the liability of these bailees, is not that by which the engagement of the defendant was to be tested. He could be excused from the non-performance of his contract, by nothing short of the act of God, or of the public enemy. It is not enough that he has exerted all the diligence which a prudent man would exert in the management of his own affairs, to find out the place where the articles were to be delivered. Having engaged for freight to carry them to,
 
 *276
 
 and deliver them at that place, he cannot allege ignorance, want of skill, or any excuse arising from human fault or human weakness, as a defence for violating his engagement. The true question is not one of
 
 actual blame,
 
 but of
 
 legal obligation.
 

 The judgment must be reversed, and a new trial awarded.
 

 Per Curiam. Judgment reversed.